UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALFREDO KIERSZ,

        Plaintiff,

-vs-                Case No.  6:08-cv-1664-Orl-22GJK

SEYMOUR INTERNATIONAL, INC.,

        Defendant,

BANK OF AMERICA, N.A.,

        Garnishee,
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

 This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S MOTION FOR FINAL JUDGMENT ON THE PLEADINGS**  (Doc. No. 85)
>
> **FILED:** November 3, 2010
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. BACKGROUND.

 On April 1, 2010, judgment was entered in favor of Alfredo Kiersz (the "Plaintiff") and against Seymour International, Inc. (the "Defendant") in the amount of $46,179.00, plus prejudgment interest (calculated on $15,000.00 from January 6, 2005, on $8,089.50 from August 29, 2005, and on $23,089.50 from July 28, 2006) and postjudgment interest at the rate of 0.42%

plus attorneys' fees of $9,375.00, along with costs. Doc. No. 56. On September 27, 2010, Plaintiff filed a Motion for Entry of Writ of Garnishment regarding funds belonging to the Defendant which are held by Bank of America, N.A. (the "Garnishee"). Doc. No. 67 at ¶ 5. Plaintiff stated that the amount of the judgment remaining due and owing was $56,396.67 plus post-judgment interest. Doc. No. 67 at ¶ 6. On September 28, 2010, pursuant to Local Rule 6.01(c)(19), the undersigned issued a writ of garnishment to Doc. No. 71. On October 11, 2010, Garnishee filed an Answer to Writ of Garnishment (the "Answer"). Doc. No. 75.

In the Answer, Garnishee stated that it held two bank accounts in the Defendant's name in the respective amounts of $12,113.52 and $15,310.95 – totaling $27,424.47. Doc. No. 75. The Certificate of Service indicates that the Answer was properly served on Defendant. Doc. No. 75 at 2. To date, Defendant has not filed a reply to the Answer.

On November 3, 2010, pursuant to Rules 12 and 69, Federal Rules of Civil Procedure and Section 77.083, Florida Statutes, Plaintiff filed a Motion for Final Judgment on the Pleadings (the "Motion") requesting that the Court enter a final judgment in favor of Plaintiff against Garnishee in the amount of $27,424.47, direct Garnishee to transfer said amount to counsel for Plaintiff's trust account, and, upon such transfer of funds, discharge Garnishee from any further liability under the writ of garnishment. Doc. No. 85. Pursuant to Local Rule 3.01(g), Plaintiff certifies that Garnishee has no objection to the Motion, but Defendant is opposed to the relief requested. Doc. No. 85 at 3. The Motion alleges that the judgment at issue remains unpaid. *Id*. at 1. To date, Defendant has not filed a response to the Motion. On December 7, 2010, the Honorable Anne C. Conway, District Court Judge, referred the Motion to undersigned United States Magistrate Judge for a ruling, or if necessary, the issuance of a Report and Recommendation. Doc. No. 87.

**II.     ANALYSIS.**

Pursuant to Local Rule 6.01(c)(19), the undersigned is authorized to "[c]onduct all proceedings in civil suits, before or after judgment, incident to the issuance of writs of replevin, garnishment, attachment or execution pursuant to state or federal law, and the conduct of all proceedings and the entry of all necessary orders in aid of execution pursuant to Rule 69, Fed.R.Civ.P."  Local Rule 6.01(c)(19) (emphasis added).  In the Motion, Plaintiff requests judgment against the Garnishee. Doc. No. 85.  Local Rule 6.01(c)(19) gives the magistrate judge the jurisdiction to conduct all proceedings "incident to the issuance" of writs of garnishment.  However, the undersigned issued the writ of garnishment at issue and the process of proceeding to judgment is distinct from proceedings incident to issuing a writ of garnishment.

Local Rule 6.01(c)(19) also grants the magistrate judge jurisdiction to conduct all proceedings and enter all necessary orders "in aid of execution" pursuant to Rule 69, Federal Rules of Civil Procedure.  Rule 69 simply provides that a money judgment is enforceable by a writ of execution in accordance with the procedure provided by the applicable state law.  *Id.*[1]  Local Rule 6.01(c)(19) does not appear to grant the magistrate judge the authority to enter judgment or conduct trials as to writs of garnishment. *See United States v. Johnson*, 2009 WL 10337733 at *2 (E.D. La. April 15, 2009) ("Several courts have specifically held that a magistrate judge lacks jurisdiction to determine with finality post-judgment matters such as . . . garnishment, particularly when all parties have not consented in writing.") (citing *Parks v. Collins*, 761 F.2d 1101, 1106-07 (5th Cir. 1985) (same); *United States v. Thompson*, 285 Fed.Appx. 522, 524 (10th Cir. June 17, 2008) (same); *United States v. Lawrence*, 538 F.Supp.2d

---

[1] Although Rule 69 only refers to writs of execution, the rule "does not preclude the use of garnishment for enforcement of a judgment" in accordance with the garnishment procedure provided by the applicable state law.  *See Grenada Bank v. Willey*, 694 F.2d 85, 87 (5th Cir. 1982).

1188, 1191-92 (D. S.D. 2008) (same); *United States v. Birdshead*, 2008 WL 4912414 at *1 (W.D. Okla. 2008) (same)). Accordingly, the undersigned issues this Report and Recommendation.

Section 77.082, Florida Statutes, provides:

> <u>If no reply to garnishee's answer is served, garnishee</u> may surrender any goods, chattels, or effects of defendant in garnishee's hands or possession to the sheriff and <u>may pay any money or debt into registry of court</u>. <u>In such event</u> or if garnishee prevails in the trial of any reply and after proper disposition of any property disclosed by garnishee's answer, <u>the court shall discharge him or her from further liability under the writ</u>.

*Id*. (emphasis added). Thus, Section 77.082 provides that if a defendant fails to file a reply to a garnishee's answer, then the garnishee <u>may</u> pay any money in its possession into the registry of the court and, thereafter, the Court <u>shall</u> discharge the garnishee from all further liability under the writ of garnishment. *Id*.

Section 77.083, Florida Statutes, provides:

> Judgment against the garnishee on the garnishee's answer or after trial of a reply to the garnishee's answer shall be entered for the amount of [the garnishee's] liability as disclosed by the answer or trial. . . . No judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee.

*Id*. Thus, Section 77.083 provides that a judgment may be entered against a garnishee based upon its answer or, if a reply is filed, after a trial on the reply. *Id*. However, any judgment must not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant. *Id*.

In this case, Garnishee's Answer states that it is in possession of $27,424.47 of Defendant's property, which is less than the judgment entered against Defendant. Doc. Nos. 56,

75. Moreover, Plaintiff states that $56,396.67 plus post-judgment interest remains unpaid pursuant to the judgment. Doc. No. 67 at ¶ 6. Defendant was served with the Answer, but failed to file a reply. Doc. No. 75 at 2. Thus, the Court accepts the Answer as true. *See First Colony Life Ins. Co. v. Sun State Capital Funding, Inc.*, 730 So.2d 735, 737-38 (Fla. 2d DCA 1999) (answer taken as true where no reply is filed under Section 77.082, Florida Statutes). In the Motion, Plaintiff requests that the Court enter judgment against the Garnishee for $27,424.47, direct Garnishee to transfer the funds directly to Plaintiff and, thereafter, relieve Garnishee of any further liability under the writ of garnishment. Doc. No. 85 at 3-4. Garnishee does not oppose the relief requested in the Motion. Doc. No. 85 at 3. Defendant was served with the Motion, but failed to file a response. Doc. No. 85 at 4. The Case Management and Scheduling Order states that "[w]here no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed." Doc. No. 15 at 5. The Motion is unopposed.

Based on the forgoing, it is recommended that the Court find that Plaintiff is entitled to judgment against Garnishee in the amount of $27,424.47. Although Section 77.082, Florida Statutes, provides that where no reply has been filed, the garnishee <u>may</u> deposit the funds into the Court's registry, in this case the Motion is unopposed. *Id*. Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 85);
2. Direct the Clerk to enter judgment in favor of Plaintiff and against Garnishee in the amount of $27,424.47, pursuant to Section 77.083, Florida Statutes;
3. Direct Garnishee to remit $27,424.47 to counsel for Plaintiff's trust account within twenty-one (21) days from the date of the Court's order;
4. Direct the Plaintiff and Garnishee to file a joint notice with the Court when the funds

are deposited in counsel for Plaintiff's trust account; and

5. Thereafter, discharge Garnishee from all further liability under the writ of garnishment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. If there is no objection to the Report and Recommendation, the parties and the Garnishee may file a joint notice of no objection.

Recommended in Orlando, Florida on January 27, 2011.

Copies furnished to:
Counsel of Record
Unrepresented Party

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE